IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN QUINTANA-ROMERO,

      Petitioner,

v.                                         No. CV 14-1031 JP/KK
                                            CR 12-0446 JP

FNU LNU,

      Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 1, 4 of the Rules Governing Section 2254 Cases on Petitioner's Petition for Writ of Habeas Corpus (CV Doc. 1; CR Doc. 29) filed on November 10, 2014. Petitioner asserts that his attorney provided ineffective assistance by failing to advise Petitioner of certain sentencing options. He asks the Court to reduce his sentence. The Court will dismiss the petition.

On July 26, 2012, the Court entered judgment (CR Doc. 27) on Petitioner's conviction and sentence. Petitioner did not appeal, and his conviction thus became final in mid-August, 2012, fourteen days after entry of the amended judgment. *See United States v. Garcia-Roman*, 466 F. App'x 750, 750 (10th Cir. 2012). More than two years later, on November 10, 2014, Petitioner filed his § 2241 petition. He brings his petition under § 2241 because the one-year limitations period applicable to claims under § 2255 has expired, implicitly arguing that § 2255 is therefore "inadequate or ineffective." § 2255(e); *and see Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Petitioner asserts that, because of his status as a deportable alien, he is ineligible for certain pre-release custody programs. He contends that his sentence has thus subjected him to a longer prison term than an American citizen would serve, in violation of the Equal Protection

Clause.

It is assumed for purposes of this order that the relief Petitioner seeks against his sentence, if available, could be pursued under either § 2255 or § 2241.  *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of sentence except under specific statutory authorization).  Here, even if § 2255 or § 2241 would provide Petitioner an appropriate procedural avenue to challenge the sentence that this Court imposed, and even if the motion-petition were timely, the Court of Appeals for the Tenth Circuit has rejected the basis of Petitioner's claim.  "[Petitioner]'s request for a downward departure based on the 'collateral consequences' of his status as a deportable alien has been foreclosed."  *United States v. Tamayo*, 162 F. App'x 813, 815 (10th Cir. 2006); *see also Lonski v. United States*, 447 F. App'x 871, 872-73 (10th Cir. 2011).  Furthermore, as stated by the Tenth Circuit, "[a]s there was no error in the imposition of the sentence . . . , [Petitioner] has made no showing of . . . ineffective assistance of his counsel."  *United States v. Tackles*, 62 F. App'x 900, 902 (10th Cir. Apr. 10, 2003).  Under these Tenth Circuit rulings, Petitioner is not entitled to reduction of his sentence, and the Court will dismiss the petition.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (CV Doc. 1; CR Doc. 29) filed on November 10, 2014, is DISMISSED with prejudice; and judgment will be entered.

*/s/ James A. Parker*